# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY DRURY,<br><br>          Petitioner,<br><br>   v.<br><br><br>STATE OF NEW JERSEY,<br><br>          Respondent. | Civil Action No. 13-3135-BRM<br><br><br>**MEMORANDUM AND ORDER** |

      **THIS MATTER** has been opened to the Court by Petitioner Jeffrey Drury ("Petitioner"), upon the filing of his amended petition for writ of habeas corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 11.) Respondent the State of New Jersey ("Respondent") filed a limited answer (the "Limited Answer") addressing only the issue of timeliness. (ECF No. 25.) As discussed below, the Limited Answer submitted by Respondent is missing crucial documents and information, namely: (1) Petitioner's Amended Judgment of Conviction ("Amended JOC") and (2) a date-stamped copy of Petitioner's Notice of Appeal of the denial of his application for post-conviction relief ("PCR"). As such, the Court is unable to determine from the record whether the initial petition ("Initial Petition") is untimely and therefore orders Respondent to file a *full and complete answer* to the Amended Petition within forty-five (45) days. Petitioner may file a response within forty-five (45) days of his receipt of the Respondent's full and complete Answer. If Respondent raises a timeliness defense in its Answer, Petitioner shall provide any evidence in support of equitable tolling that he would like the Court to consider.

      Petitioner was initially sentenced to an aggregate prison term of forty-five years with a twenty-seven-year period of parole ineligibility. (Original J. of Conviction (ECF No. 25-3).) On

January 5, 2004, Petitioner filed a Notice of Appeal with the New Jersey Superior Court, Appellate Division. (Notice of Appeal (ECF No. 25-4).) On January 27, 2006, the Appellate Division affirmed Petitioner's conviction and sentence, but remanded for re-sentencing on Count Three (first-degree aggravated sexual assault), which was found to have been incorrectly elevated to a first-degree offense. *See State v. Drury*, 889 A.2d 1087 (N.J. Super. Ct. App. Div. 2006). Petitioner subsequently filed a petition for certification with the New Jersey Supreme Court; the petition was granted after which the matter was remanded for re-sentencing and correction of the judgment of conviction. *State v. Drury*, 919 A.2d 813 (N.J. 2007). Petitioner was resentenced on December 12, 2008. *See State v. Drury*, No. A-5973-09T4, 2012 WL 1205862, at *1 (N.J. Super. Ct. App. Div. Apr. 12, 2012) (providing date of resentencing). Respondent, however, has not referenced nor provided a dated copy of the Amended JOC in its Limited Answer.[1]

While his direct appeal was still pending, Petitioner filed an application for PCR on July 23, 2007, in New Jersey Superior Court, Law Division. (*Pro Se* PCR (ECF No. 25-7).) On November 13, 2009, the Honorable Mitchel E. Osterer, J.S.C. denied Petitioner's application for PCR (Order Denying Relief (ECF No. 25-8)), and, according to Petitioner's response to this Court's April 23, 2014 Order to Show Cause, Petitioner appealed the denial on August 6, 2010 (Pet. Resp. to OTSC (ECF No. 15) at 1). Respondent has submitted an undated copy of the Notice of Appeal, which states only that the Assistant Public Defender ordered copies of the relevant transcripts on August 6, 2010. (*See* Notice of Appeal of denial of PCR (ECF No. 25-9).) On April 12, 2012, the Appellate Division addressed Petitioner's PCR claims on the merits and affirmed the

---

[1] Petitioner has provided a copy of a Certification from his appellate attorney on PCR, filed in connection with a "Notice of Motion to File a Brief as Within Time," stating Petitioner's corrected Amended JOC "did not exist" until on or about February 14, 2011. (Pet. Resp. to OTSC (ECF No. 15) at 2-3.)

denial of Petitioner's PCR petition. *See Drury*, No. 2012 WL 1205862. On October 25, 2012, the New Jersey Supreme Court denied certification. *State v. Drury*, 54 A.3d 810 (N.J. 2012).

The Initial Petition in this matter is dated May 1, 2013, and was docketed on May 7, 2013.[2] (Initial Petition (ECF No. 1) at 18.) Petitioner also submitted an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1.) By Order dated October 9, 2013, the Court denied Petitioner's IFP application without prejudice and administratively terminated the action. (Order Denying Pet.'s IFP Appl. (ECF No. 2).) Petitioner resubmitted his IFP application, which was granted by the Court on November 4, 2013. (Order Granting Pet.'s IFP Appl. (ECF No. 5).) The Court, however, administratively terminated the action again because Petitioner failed to name a proper respondent and provided Petitioner with thirty days within which to submit an amended petition. (*See id.*) On November 25, 2013, Petitioner submitted a second amended petition naming Beverly Hastings as a Respondent. (Second Amended Pet. (ECF No. 6).) By Order dated December 31, 2013, the Court administratively terminated the action because Petitioner had failed to name the warden of the prison where he was confined and provided Petitioner with thirty days to submit a third amended petition. (ECF No. 7.) On January 8, 2014, Petitioner submitted a handwritten caption listing Patrick Nogan as the Respondent; however, he did not submit an amended petition

---

[2]Respondent's analysis of the timeliness issue, which focuses on events after Petitioner's submission of his Initial Petition, misses the mark. Although Petitioner's habeas case was administratively terminated and reopened several times, administrative termination is not a dismissal, and the initial filing date is the date that matters for purposes of the Court's timeliness analysis. By virtue of the federal prisoner mail box rule, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.").

with the caption. (*See* ECF No. 8.) On January 23, 2014, the Court administratively terminated the action and provided Petitioner with thirty days to submit an amended petition naming the proper respondent. (ECF No. 9.) On February 14 2014, Petitioner's Amended Petition was filed. (ECF No. 11.) By Order dated February 24, 2014, the Court advised Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (ECF No. 12), and Petitioner elected to have his Petition ruled on as filed. (Pet. Resp. Regarding *Mason* Order (ECF No. 13).)

On April 23, 2014, the Court issued an Order to Show Cause, directing Petitioner to show cause as to why his Petition should not be dismissed as untimely and administratively terminating the action pending Petitioner's submission. (ECF No. 14.) On May 5, 2014, Petitioner's response to the Order to Show Cause was filed. (ECF No. 15.) On May 12, 2014, the Court directed Respondent to file an answer to the Amended Petition, limited to the issue of timeliness. (ECF No. 16.) Respondent sought two extensions of time within which to file the Limited Answer, which were granted by the Court. (ECF Nos. 19, 21, 23, 24.) On October 8, 2014, Respondent filed its Limited Answer, addressing only the issue of timeliness. (ECF No. 25.)

The only issue currently before the Court is whether the Initial Petition was untimely under the Antiterrorism Effective Death Penalty Act ("AEDPA"). Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1); *see Douglas v. Horn*, 359 F.3d 257, 261 (2004). Pursuant to 28 U.S.C. § 2244(d)(1),

[t]he limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner was resentenced and Respondent has not provided the Amended JOC. As such, the Court does not have sufficient information to determine the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

The Court is also unable to determine whether Petitioner is entitled to tolling for the time during which his PCR petition and appeal of the denial of his PCR petition were pending. Under 28 U.S.C. 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for PCR is considered "pending" within the meaning of 28 U.S.C. § 2244(d)(2) during the period between a lower state

---

[3] In the usual case, the limitation period would begin to run forty-five days after the relevant resentencing and would be tolled by Petitioner's "properly filed" PCR application. *See, e.g., Clement v. Hauck*, No. 12-5234, 2015 WL 4171839, at *5 (D.N.J. July 10, 2015). Here, however, it appears Petitioner had already filed his PCR application when his resentencing occurred. Nevertheless, courts in this District use the date of amended JOC, as opposed to the date of the original JOC, as the operative date to determine when Petitioner's JOC became final under 28 U.S.C. § 2244(d)(1)(A). *See, e.g., Clement*, 2015 WL 4171839, at *5; *King v. Johnson*, No. 16-0654, 2017 WL 1709596, at *2 (D.N.J. May 1, 2017).

court's ruling and the period a petitioner has to seek review of the decision, regardless of whether the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the Cty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the application for State PCR must have been both pending and "properly filed."[4] *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, 534 U.S. 944 (2001).

Notably, the "properly filed" requirement also applies to a petitioner's applications appealing or otherwise seeking review of the trial court's post-conviction determinations. In *Swartz*, the Third Circuit explained, "it is not clear from [the text of 28 U.S.C. § 2244] whether the term 'properly filed application' refers only to the initial PCRA [("Pennsylvania Post conviction Relief Act")] application, or whether it also applies to all related applications for

---

[4] It is well established that a application for state PCR that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that when a PCR "petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007). "The 'properly filed' phrase [also] encompasses more than timeliness." *Merritt v. Blaine*, 326 F.3d 157, 167 (3d Cir. 2003); *see, e.g.*, *Pace*, 544 U.S. at 414-15 (recognizing copy requirements and filing fees as conditions of filing); *Didiano v. Balicki*, No. 09–2315, 2010 WL 1752191, at *6 n.6 (D.N.J. Apr. 29, 2010) (finding that successive PCR dismissed for failure to comply with state procedural rules was not properly filed); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.11 (3d Cir. 2013) ("[W]e note that [the inmate's PCR submission] was not properly filed [within the meaning of *Artuz*] until he perfected it.").

appeal" but "assum[ed] arguendo that an untimely request for allowance of appeal is considered not 'properly filed.'" *Swartz*, 204 F.3d at 421 n.3. The Third Circuit has subsequently held that applications for appeal must be "properly filed" in order to entitle the petitioner to statutory tolling under 28 U.S.C. § 2244(d)(2). *See Douglas*, 359 F.3d at 262 (holding that the petitioner's notice of appeal *nunc pro tunc* filed in the Pennsylvania Supreme Court after the deadline for filing a notice of appeal was not "properly filed"); *Jenkins*, 705 F.3d at 86-88, nn.6, 8 (explaining that a petitioner who filed an untimely appeal of his PCRA is not entitled to statutory tolling from the date when, under state law, the prisoner's time to appeal denial of his PCRA (or to seek certification of its affirmance) expired until when an application to file such an appeal *nunc pro tunc* (or to seek certification *nunc pro tunc*) is granted); *see also Alvarenga v. Lagana*, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), *certificate of appealability denied sub nom*, *Alvarenga v. Admin N. State Prison*, No. 16-3538 (3d Cir. Dec. 14, 2016).

Here, the record shows a large interval of time between the denial of Petitioner's PCR on November 12, 2009, and his Notice of Appeal of that denial. (ECF No. 25-8.) Respondent, however, has submitted only an undated copy of the Notice of Appeal. (*See* ECF No. 25-9.) As such, the Court is unable to determine whether Petitioner is entitled to tolling for the entire period of time during which his PCR and related appeal were pending.

For the reasons explained above, the Court is unable to determine whether the Initial Petition is untimely based on the record provided by Respondent. Therefore, Respondent is ordered to provide *a full and complete answer* to the Amended Petition. If Respondent raises timeliness as

a defense in its full and complete answer, it shall provide (1) the Amended JOC, and any subsequent appeal thereof, and (1) a date-stamped copy of Petitioner's Notice of Appeal of the denial of his PCR (or its equivalent), and (3) any other documents and legal analysis relevant to the timeliness issue. Petitioner may file a reply within forty-five days of his receipt of the State's answer.

If Respondent raises a timeliness defense, Petitioner shall provide all evidence in support of equitable tolling he wishes the Court to consider. The courts have recognized the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See id.*, at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 651 (2010)). Mere excusable neglect is not sufficient. *Id.* As summarized by the Third Circuit, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA's one-year statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Pace*, 544 U.S. at 418). Notably, "[t]his obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* at 799 (citing *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)). A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d

Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (citation omitted).

**IT IS THEREFORE**, on this 5th day of October 2017,

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Attorney General of the State of New Jersey; and it is further

**ORDERED** that Respondents shall file *a full and complete answer* to all claims asserted in the Amended Petition (ECF No. 11) within forty-five (45) days of the entry of this Order, *see Ukawabutu v. Morton*, 997 F. Supp. 605 (D.N.J. 1998); and it is further

**ORDERED** that Respondents' answer shall respond to the factual and legal allegations of the Amended Petition by each paragraph and subparagraph, *see* Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); and it is further

**ORDERED** that Respondents shall raise by way of their answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, timeliness and exhaustion, and also, with respect to the asserted defenses, provide the relevant legal arguments with citations to appropriate legal authority; if Respondent raises timeliness as a defense, it shall provide (1) the Amended JOC, and any subsequent appeal thereof, and (1) a date-stamped copy of Petitioner's Notice of Appeal of the denial of his PCR (or its equivalent), and (3) any other documents and legal analysis relevant to the timeliness issue; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Rule 5 of the Habeas Rules in providing the relevant state court record of proceedings, in particular, the answer

> shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant. The Court on its own motion or upon request of the Petitioner may order that further

portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the Petitioner appealed from the JOC or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's brief on appeal (including any *pro se* briefs) and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer.

Rule 5 of the Habeas Rules; and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Amended Petition as to whether the Petitioner has made a substantial showing of the denial of a federal constitutional right; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Rule 5(e) of the Habeas Rules; and it is further

**ORDERED** that if Respondent raises timeliness as a defense, Petitioner shall provide any arguments and evidence in support of equitable tolling that he wishes the Court to consider; and it is further

**ORDERED** that within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order and the accompanying Memorandum and Order to Petitioner by regular mail.


 */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**